[Crim. No. 459.   Third Appellate District.—October 18, 1918.]

In the Matter of the Application of ALFRED JACOBS for a Writ of Habeas Corpus.

CRIMINAL LAW—HABEAS CORPUS—SCOPE OF WRIT—ERRORS OF LAW RESULTING IN A CONVICTION NOT REVIEWED.—The writ of *habeas corpus* is not a writ of error or a mode whereby errors of law occurring at a trial may be reviewed, its sole function and the full scope of the inquiry authorized to be prosecuted through its instrumentality being the question of jurisdiction, so that a judgment of conviction

and sentence, unless void upon its face, will stand against the writ of *habeas corpus,* even though during the trial culminating in such judgment many errors prejudicial to the rights of the prisoner may have been committed.

APPLICATION for a Writ of Habeas Corpus directed against the warden of the State Prison at Folsom.

The facts are stated in the opinion of the court.

Alfred Jacobs, *in pro. per.,* for Petitioner.

HART, J.—The petitioner, now confined in the Folsom state prison, claiming that he is being restrained of his liberty by the warden of said prison without warrant or authority of law, has made this application to me, to the end that the cause of his imprisonment may be inquired into and thereupon his restraint declared illegal and that he consequently be discharged therefrom.

An examination of the petition for the writ has readily convinced me that no legal ground is therein stated for the issuance thereof and that the application will, therefore, have to be denied.

Ordinarily, an opinion setting forth the reasons for the denial of an application for a writ of *habeas corpus* is not deemed necessary, the mere order denying the same being sufficient. In this instance, however, the petitioner, who is not an attorney, makes the application himself, or *in propria persona,* and, inasmuch as he is not a lawyer and acquainted with the remedial function or scope of the writ of *habeas corpus,* at least so far as that writ is invocable where the claim is that a citizen is deprived of his personal liberty by virtue of some process issued by a state tribunal purporting to act under some local law of the state, I think it is but fair to the prisoner to reduce to writing the grounds upon which his application must be and is denied.

In the first place, I may remark that the statement in the petition that the writ of *habeas corpus* is a writ of error, or a mode whereby errors of law occurring at a trial may be reviewed, is erroneous, at least so far as this state is concerned. The sole function or the full scope of the inquiry which is authorized to be prosecuted through the instrumentality of that writ is the question of jurisdiction. If, therefore, a judg-

ment of conviction and sentence in a criminal case is not void upon its face, it will stand as against a collateral attack, such as is the attack upon such a judgment through the writ of *habeas corpus*, even though it might be shown, if it were proper to show it in a proceeding on *habeas corpus*, that during the trial culminating in such judgment many egregious errors, prejudicial to the rights of the prisoner, had been committed.

The petitioner here was convicted by a jury in the superior court of Sonoma County on the sixth day of December, 1916, of a crime against nature, and, on the 12th of the same month, was sentenced therefor to a term of twelve years in the state penitentiary. As grounds for the petitioner's release from the custody of the warden, the petition states, in substance, that the judge who presided at the trial in the superior court refused to compel two certain witnesses, named in the petition, to appear in court and testify in petitioner's behalf; that the magistrate who held the preliminary examination of the petitioner on the charge of which he was subsequently convicted and committed him for trial on said charge in the superior court, refused to compel the examination by a physician of the person upon whom the crime charged against petitioner was alleged to have been committed for the purpose of determining whether the act constituting the crime charged had actually been committed upon such person; that, "because of such refusals," the petitioner was deprived of an opportunity to prove his innocence of the crime of which he was convicted and for which he is now being restrained of his personal liberty.

It is not made clear in the petition just what is meant by the complaint that the judge of the superior court refused to compel certain witnesses to appear and testify for the petitioner. If it is meant that the witnesses failed to appear in court after having been regularly subpoenaed and that the court refused to issue the proper process for compelling them to obey the subpoenas and so made to appear in court, one ready reply is that the record of the trial is not before us, and in such case, even upon appeal, the presumption would be and is that the refusal to take steps to bring the defaulting witnesses into court did not involve an abuse of judicial discretion. But, in any event, it is, of course, readily obvious to the legal mind that the grounds above set forth are wholly insuffi-

cient to justify the issuance of a writ of *habeas corpus*. In other words, the points therein involved, even if reviewable under any circumstances, may only be reviewed on appeal and not in a proceeding on *habeas corpus*. As to the action of the magistrate above mentioned, even if such action were a legal ground for setting aside the information (and obviously it is not), the only way in which it could be reviewed by this court, if at all, would be upon appeal upon a proper and timely record made with respect thereto in the superior court.

Manifestly, the application for the writ must be denied, and it is so ordered.