[Crim. No. 468. Third Appellate District.—February 14, 1919.]

## In the Matter of the Application of HARLEY NOYES for a Writ of Habeas Corpus.

CRIMINAL LAW—HABEAS CORPUS—PRELIMINARY HEARING—REFUSAL TO ISSUE SUBPOENA FOR WITNESSES FOR DEFENDANT.—The refusal to issue a subpoena for witnesses by a committing magistrate, or even the refusal to cause one to be issued for a like purpose by the superior court, is not a ground for the release of a prisoner on *habeas corpus*.

ID.—ABUSE OF DISCRETION.—Discretion in that regard may be abused and error thereby committed, and a person examined or on trial on a criminal charge may be thus deprived of a lawful hearing, but such abuse of discretion is mere error which does not go to the question of jurisdiction to commit or to impose judgment of sentence.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Third Appellate District. Application denied.

The facts are stated in the opinion of the court.

Harley Noyes, *in pro. per.*, for Petitioner.

HART, J.—The petitioner, who is confined in the Folsom state prison on a judgment of conviction and sentence for the crime of statutory rape, has, *in propria persona*, presented to me an application, by way of a petition, to be released from said imprisonment on the ground that he was denied a fair and lawful hearing before the committing magistrate who preliminarily examined the charge against him and committed him for trial therefor to the superior court, in that the said magistrate refused, upon the request of the petitioner, to issue subpoenas for certain witnesses and thus require them to appear and testify at the preliminary hearing in his behalf. Accompanying the petition and made a part thereof is a transcript of the proceedings of the preliminary hearing of the charge before said magistrate.

The refusal to issue a subpoena for witnesses by a committing magistrate or even the refusal to cause one to be issued for a like purpose by the superior court is not a ground for the release of a prisoner on *habeas corpus*. Discretion in that regard may be abused and error thereby committed, and thus a person examined or on trial on a criminal charge deprived of a lawful hearing or trial, but such abuse of discretion either by the magistrate or the superior court is mere error, which does not go to the question of jurisdiction to make the order of commitment or to impose judgment of sentence, and, therefore, is not reviewable in a proceeding under a jurisdictional writ. (*Matter of Jacobs,* 38 Cal. App. 474, [176 Pac. 689].)

It is proper to say that the transcript of the proceedings which took place before the magistrate at the preliminary hearing of the charge of which the petitioner was later convicted in the superior court and for which he is under the restraint of which he here complains discloses that, before the date of the examination, the prisoner exercised very little, if any, diligence in the matter of procuring the attendance of witnesses at the hearing to testify in his behalf. Moreover, it further appears from said transcript that the magistrate ordered a recess of the hearing for the purpose of giving certain witnesses named in court by the petitioner an oppor-

tunity to be present and testify in his behalf. However, as first stated above, the petition shows no legal ground for the issuance of the writ of *habeas corpus,* and, accordingly, the application therefor will have to be denied, and it is so ordered.